Common Pleas Court of Hamilton County.

### H. W. SCHNEIDER & SON v. CHARLES MACINTOSH.

Decided, September 1, 1914.

*Error to the Common Pleas—Failure of Clerk to Give Notice of Filing of Bill of Exceptions—Not Ground for Striking the Bill From the Files, When—Proper Practice in Error Proceedings From the Municipal Court.*

1. The common pleas court will not hold a plaintiff in error accountable for the failure of the clerk of the municipal court to give notice to the defendant in error of the filing of a bill of exceptions, and a motion to strike the bill from the files on account of such failure will be overruled.

2. Practice in the municipal court with reference to the filing of bills of exceptions and the giving of notice thereof should be made to conform as nearly as practicable with that of the common pleas court.

*David Lorbach,* for the motion.
*Arthur Wood,* contra.

GORMAN, J.

Opinion on motion to strike bill of exceptions from the files.

This is a proceeding in error to reverse a judgment of Judge. W. M. Yeatman, one of the judges of the municipal court of the city of Cincinnati.

In the trial of the cause below judgment was rendered in favor of the defendant, Charles Macintosh, for costs. A petition in error was filed in this court on July 23, 1914, to reverse the judgment of Judge Yeatman. There was also filed in this court on the day of the filing of the petition, July 23, 1914, a paper purporting to be a bill of exceptions and attached thereto a certified copy of what purports to be the docket and journal

entries in the municipal court of Cincinnati, and attached to the bill of exceptions appear to be exhibits consisting of bill of particulars filed below, the answer thereto, the summons issued thereon, subpoenas for witnesses, and the various entries and papers filed in the court below.

The defendant has now filed a motion to strike this paper purporting to be a bill of exceptions from the files on the ground that no notice, as required by law, was given to Charles Macintosh or his attorney of the filing of the bill of exceptions with the clerk of the municipal court of Cincinnati.

There appears endorsed on the bill of exceptions the following: "July 3-14, Received of Aug. Kirbert, Clerk, Bill of Exceptions. W. Meredith Yeatman." The bill of exceptions also appears to be signed by W. Meredith Yeatman, judge of the municipal court of the city of Cincinnati, but no date is given of the signing of the bill of exceptions. The certified copy of the transcript of the docket and journal entries contains these notations with reference to the bill of exceptions:

"1914, May 14. Yeatman, Judge. Min. 352: Entry overruling motion for a new trial. Plaintiff excepts.
"June 23.  Bill of particulars filed.
"June 23.  Adverse party notified.
"July 3.  Bill of exceptions transmitted to Judge Yeatman.
"July 8.  Bill of exceptions signed and returned to clerk."

There is nothing on the bill of exceptions to show when it was returned to the clerk or received by him from the trial judge, nor is there anything on the bill of exceptions to indicate when the bill of exceptions was signed by Judge Yeatman. There is nothing on the record to show how the notice was served on the adverse party or when it was served, except the bare statement in the transcript of the docket and journal entries, "adverse party notified."

By the provisions of Section 26 of the act to amend an act providing for enlarging and extending the jurisdiction of the police court of Cincinnati and changing the name of said court

to a municipal court, found in 104 Ohio Laws, 188, it is provided that:

"Proceedings in error may be taken to the court of common pleas of Hamilton county, from a final judgment or order of the municipal court of Cincinnati in the same manner and under the same conditions as provided by law for proceedings in error from the court of common pleas to the court of appeals, of Hamilton county."

It will therefore be seen that in order to determine whether or not the bill of exceptions in this case should be allowed to stand we must look to the provisions governing the taking and filing of a bill of exceptions in the court of common pleas.

Now, Section 11565 of the General Code provides, among other things, that on the filing of a bill of exceptions, the clerk forthwith shall notify the adverse party, or his attorney, of its filing.

No method of giving notice is provided, and there appears to be no copy of a notice among the papers, as there usually is in such cases when a bill of exceptions is filed in the court of common pleas to prosecute error to the court of appeals, but there is noted on the transcript of the docket that the adverse party was notified on June 23d.

In the case of *Kroll* v. *Close, Admr.*, 82 Ohio St., 190, the Supreme Court, through Judge Davis, in announcing the opinion of the court, used this language:

"It is objected that the circuit court erred in refusing to strike off the bill of exceptions taken in the court of common pleas by the plaintiff in error, for the reason that the defendant in error did not have the ten days provided by Section 5301, Re-Statutes (11565, G. C.), in which to file his objections and amendments to the bill of exceptions. The presumption is that notice was given to counsel, and that they had an opportunity to inspect and object to the bill, although the record is silent as to that fact. It does not appear that counsel did not waive the right to object to the bill within ten days after notice

that it had been filed with the clerk. *State* v. *Wirick*, 81 Ohio
St., 343.''

Now, in this case, the fact that the docket and journal entries
show that notice was given the adverse party appears to the
court sufficient to indicate that the notice was given in the ab-
sence of any specific provision as to how notice shall be given.
It is true counsel for defendant has filed an affidavit setting out,
among other things, that no notice was served upon him per-
sonally or by mail of the filing of the bill of exceptions, and no
notice set out in the *Court Index*.

While the court is of the opinion that good practice requires
a written notice to be served upon the adverse party, or his
counsel, nevertheless, in the absence of a specific provision of
the statute requiring that to be done, the court is not disposed
to hold that such a notice is essential.

The decision just cited holds that there is a presumption that
the notice was given to counsel. Now, whether or not this is
an irrebuttable presumption the court is not prepared to say.
Taking the record of the clerk in the municipal court and the
affidavit of counsel for defendant denying that notice was given,
and no countervailing evidence that notice was served, the court
must determine whether or not the affidavit of counsel for de-
fendant shall prevail over the notation on the docket of the
municipal court that adverse party was notified.

The statute provides that the adverse party shall have ten
days after notice within which to make objections or ask for
amendments to be made to the bill for its correction. If coun-
sel for defendant or his client were not notified, then manifestly
no opportunity would be given within ten days to make ob-
jections to the bill of exceptions, and the record does not show
any objections to have been made to the bill of exceptions.

Section 11566, General Code, provides that the trial judge
shall, upon the receipt of the bill, endorse thereon the date it
was received, and within five days thereafter correct it, if neces-
sary, allow and sign such bill, and immediately transmit or

cause it to be transmitted to the office of the clerk from whom it was received, with any amendment or objections thereto.

The bill of exceptions upon its face has the endorsement of the judge that he received it on the 3d of July, 1914, which is ten days after the date upon which it purports to have been filed, June 23d, as shown by the transcript of the docket in the municipal court of Cincinnati. It was the duty of the court then to sign this bill of exceptions not later than the 8th day of July, unless the time was extended, and to transmit same to the clerk of the municipal court.

As before stated, there is nothing in the bill of exceptions to indicate when it was signed by the trial judge, nor is there anything in or about the bill of exceptions to show when it was transmitted to the clerk by the trial judge, nor is there anything upon the bill of exceptions to show when it was filed with the clerk of the municipal court.

Section 11570 of the General Code provides that the clerk of the court in which the cause is pending shall enter upon its appearance docket the date of the filing of any bill of exceptions therein.

This has been done apparently, but instead of saying "bill of exceptions" the clerk has said "bill of particulars filed June 23." This, we think, is an error of the clerk, which may be corrected under Section 11572a of the General Code, found in 103 Ohio Laws, page 426, which provides that when justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction.

Section 11570, General Code, further provides that the clerk shall note upon the appearance docket not only the date of the filing of the bill of exceptions, but also the date of the filing of any objections or proposed amendments thereto, and the date of the transmission thereof to the judge or judges, and of the receipt of them from the judge or judges.

Now there does appear to have been entered upon the ap-
pearance docket in the municipal court, under date of July 3d,
that the bill of exceptions was transmitted to Judge Yeatman,
and also the date of the filing of the bill of exceptions, but by
error called "bill of particulars." There is also a notation on
the appearance docket of the date of the signing of the bill of
exceptions by the trial judge, July 8th.

By the provisions of Section 11571, General Code, it is pro-
vided that no entry need be made upon the journal of the
court of the settling, allowing and signing of a bill of exceptions,
but that the signature of the trial judge in allowing, settling
and signing it shall be sufficient evidence of such fact.

While the court has very grave doubt as to whether or not
any notice was ever served upon the adverse party or his counsel
of the filing of this bill of exceptions, in view of the affidavit
of counsel for defendant, nevertheless, in view of the state of
the law with reference to the manner of giving notice and the
kind of notice to be given, and the notation upon the appearance
docket of the giving of the notice to the adverse party, the court
is loath to find that no notice was given, but is disposed to fol-
low the ruling of Judge Davis in the case above cited, *Kroll* v.
*Close,* that there is a presumption that notice was given to coun-
sel.

In this case, if the bill of exceptions should be stricken from
the files a grave injustice might be done the plaintiff in error
through no fault of his, but by reason of a neglect or oversight
on the part of the clerk, whose duty it would be to notify the
adverse party, and not the duty of the party. Under such
circumstances, the court is not disposed to hold the plaintiff
in error accountable for failure to give notice. The bill of ex-
ceptions appears to have been signed and a notation of the time
of the signing and returning thereof placed upon the appear-
ance docket.

There is no statement in the bill of exceptions that this was
all of the evidence adduced upon the trial of the case, and in

view of the omission of such a statement in the bill of exceptions the court of common pleas could not reverse this judgment upon the weight of the evidence, but could only reverse the judgment in case there were other errors of law.

The court is of the opinion that it would conduce more to substantial justice to overrule this motion to strike the bill of exceptions from the files and let the court of common pleas pass upon the merits of the case.

The opinion of the court is that the method of giving notice employed in the court of common pleas of the filing of bills of exceptions therein and service of the same by the sheriff should be practiced as nearly as can be by the officers of the municipal court; otherwise doubts will arise in every case as to the time of filing the bill of exceptions, the giving of notice, signing of the bill by the court, and the return thereof to the clerk.

Motion is therefore overruled.